**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RONALD BEACHUM,

    Plaintiff,

v.                                                  No. CV 10-0857 MV/RLP

CRIME VICTIMS REPARATION
COMMISSION OF NEW MEXICO,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(i), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2)(B)(i) "at any time if . . . the action . . . is frivolous or malicious." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    Plaintiff's complaint alleges that the New Mexico Department of Corrections deducts money from his prison wages and "awards" the money to Defendant. Plaintiff contends that, although these transfers are made under the New Mexico Crime Victims Reparations Act, N.M. Stat. Ann. §§ 31-22-1 to -24 (Repl. Pamp. 2010) (Conway Green), Defendant's conduct constitutes illegally receiving money. He also contends that by deducting the funds the Department of Corrections commits fraud

1

and embezzlement. The complaint seeks equitable relief prohibiting further deductions as well as damages equal to the amounts that have been deducted from Plaintiff's account.

The starting point for analyzing Plaintiff's claims is the rule that inmates enjoy no constitutional right to wages for labor performed during incarceration. *See Rochon v. Louisiana State Penitentiary Inmate Account*, 880 F.2d 845, 846 (5th Cir. 1989). On the other hand, where a property right to such wages is created by state statute, an inmate may not be deprived of wages for work performed without due process. *See Gillihan v. Shilling*, 872 F.2d 935, 937 (10th Cir. 1989).[1] Plaintiff does not claim a deprivation by an official acting in contravention of a statute, *cf. Piatt v. MacDougall*, 773 F.2d 1032, 1033-34 (9th Cir. 1985), but rather that deductions taken pursuant to the reparations statute are illegal, *cf. Brady v. Tansy*, No. 93-2008, 1993 WL 525680 at *1 (10th Cir. Dec. 21, 1993).

Plaintiff's claims are foreclosed by the *Brady* ruling. In *Brady*, another New Mexico prisoner raised a claim that was nearly identical to this Plaintiff's claims. The Court of Appeals for the Tenth Circuit affirmed dismissal of the claim as frivolous under (former) § 1915(d). In that case the court analyzed the plaintiff's claim thus:

> However, section 33-8-8(C)(2) permits the Corrections Department to promulgate rules and regulations providing for deductions from inmate compensation, and specifies that these deductions shall apply to inmate compensation "including payments pursuant to Section 33-2-26 NMSA 1978." The plain meaning of the statute controls. Because section 33-8-8(C)(2) permits the deductions, [Plaintiff]'s due process claim was properly dismissed as frivolous.
> . . . .
> Because the deductions were, in fact, made pursuant to express statutory authority, we conclude [Plaintiff's] Fourteenth Amendment claim was properly dismissed as frivolous.

---

[1] The Court assumes *arguendo* that the asserted property right arises from N.M. Stat. Ann. § 33-2-26 (Repl. Pamp. 1998), based on the allegation that the deductions are taken from his wages. *See Brady v. Tansy*, No. 93-2008, 1993 WL 525680, at *1 (10th Cir. Dec. 21, 1993).

*Brady*, 1993 WL 525680 at *1 (citing *Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 552 (10th Cir. 1992); *Hrbek v. Farrier*, 787 F.2d 414, 417 (8th Cir. 1986)).  Plaintiff's allegations fall squarely under the analysis in *Brady*, and pursuant to § 1915(e)(2)(B)(i) the Court will dismiss Plaintiff's complaint as frivolous.

    IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

                                                    */s/ Martha Vázquez*
                                                    MARTHA VÁZQUEZ
                                                    UNITED STATES DISTRICT JUDGE